IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MARILYN HOLLOMAN        )
                        )
v.                      ) NO. 3:05-0609
                        ) JUDGE CAMPBELL
METROPOLITAN GOVERNMENT OF )
NASHVILLE/DAVIDSON COUNTY, )
et al.                  )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for a Preliminary Injunction (Docket No. 28). For the reasons stated herein, Plaintiff's Motion is DENIED.

FACTS

Plaintiff, an African-American female, was employed by Defendant Metropolitan Government of Nashville/Davidson County ("Metro") as Director of Food Services for the Metro School System for more than ten years, until Metro terminated her assignment to that position in May of 2003. On August 5, 2005, Plaintiff sued Defendants in this action for race and gender discrimination in violation of Title VII and 42 U.S.C. § 1981. Plaintiff seeks, among other things, reinstatement to the position of Director of Food Services.

Plaintiff asks the Court to issue a preliminary injunction requiring Metro to notify, in writing, the current Director of Food Services (and any individual Defendants select for that position during the pendency of this action) that this action is pending and the Court has the authority to displace him or her from that position should it decide Plaintiff is entitled to reinstatement as Director of Food Services.

INJUNCTIVE RELIEF

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997).

Plaintiff contends that she needs this preliminary injunctive relief because (1) the Director of Food Services is a unique position, (2) to prevent Defendants from taking steps to bestow "innocent victim" status upon any person now serving in or who hereafter may be appointed to the position, and (3) to preserve the authority of the Court to award Plaintiff reinstatement if she is successful on the merits of this action.

The Court finds that Plaintiff has not shown the imminent, irreparable harm required for a preliminary injunction. The person currently in the Director of Food Services position has been in that position since June of 2003, almost three years. This action has been filed for nine months. Metro has represented that Jay Nelson, the current Director of Food Services, is very aware of the existence of this litigation. If Plaintiff has concerns, there is nothing preventing Plaintiff from notifying Mr. Nelson herself of the existence of this litigation and the fact that she is seeking reinstatement. There will be no imminent, irreparable harm if the requested injunction does not issue. Having found no imminent, irreparable harm, the Court need not address the remaining three factors for injunctive relief.

## CONCLUSION

Accordingly, Plaintiff's Motion for Preliminary Injunction (Docket No. 28) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE